UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUPREE LAMONT ADKINS,<br><br>Plaintiff,<br><br>v.<br><br>LORI W. AUSTIN, et al.,<br><br>Defendants. | No. 2:21-cv-00738 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendant violated plaintiff's rights under the Health Insurance Portability and Accountability Act ("HIPAA"). Before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and plaintiff's complaint (ECF No. 1) for screening.

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted and plaintiff's complaint will be dismissed with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.  Allegations in the Complaint**

In his complaint plaintiff states that, at all relevant times, he was an inmate at California Medical Facility ("CMF"). (ECF No. 1 at 1.) Plaintiff identifies as defendants registered nurse J. Doe, registered nurse G. Tan, and chief executive officer Lori W. Tran. (Id. at 2.)

////

Despite seeking to state a single claim plaintiff's complaint is lengthy and includes allegations whose connection to plaintiff's claim is unclear. The allegations in plaintiff's complaint that appear related to his claim are as follows: Plaintiff placed a CDCR 7362 form requesting he be removed from a "recreational group" in the "sick call slip" box. (Id. at 4.) This form contained "individually identifiable health information" about the plaintiff. (Id. at 6.) Defendant J. Doe retrieved plaintiff's form from the sick call slip box and evaluated the form with correctional officer Bowels, thus disclosing plaintiff's health information. (Id.) Plaintiff alleges that defendant G. Tran and Lori W. Austin "obstructed the HIPAA investigation" by not providing plaintiff with the name of defendant Doe and refusing plaintiff a polygraph examination. (Id. at 8.)

Plaintiff requests damages from each defendant in the amount of fifty thousand dollars, the installation of "safeguards", and the authentication of "psychotherapy notes." (Id. at 17.)

### III. Does Plaintiff State a § 1983 Claim?

#### A. HIPAA

In the complaint, plaintiff brings a single claim against the defendants. (See Id. 4-15.) Plaintiff states this claim is for "wrongful disclosure" in violation of HIPAA and the Privacy Act of 1974. (Id. at 4.)

There is no private right of action under HIPAA. United States v. Streich, 560 F.3d 926, 035 (9th Cir. 2009); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007). Additionally, the Privacy Act of 1974 only applies to the federal government, not state or local government agencies. Streich, 560 F.3d at 935. As such, plaintiff has not stated a cognizable claim as plaintiff has no right of action against the defendants under HIPAA or the Privacy Act of 1974.

The complaint states only a single claim for violation of HIPAA and the Privacy Act of 1974. As such, the complaint will be dismissed as it does not contain a cognizable claim.

#### B. Additional Claims

Petitioner does give some indication that he seeks to bring additional claims in this action. The complaint mentions "retaliation" by the defendants and alleges that defendants acted with

4

deliberate indifference. Plaintiff does not clearly state additional claims or allege facts from which additional claims can be determined by the court. However, given that a claim may exist that plaintiff intended to state, plaintiff will be given the opportunity to amend his complaint to state additional claims.

## AMENDING THE COMPLAINT

This court finds above that the complaint failed to state a cognizable claim. Plaintiff will be given the option to proceed on his cognizable claims or to file an amended complaint.

If plaintiff chooses to do so, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

////

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
4. Within thirty (30) days of the date of this order, plaintiff shall file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 23, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/adki0738.scrn

7