UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUPREE LAMONT ADKINS,

Plaintiff,

v.

LORI W. AUSTIN, et al.,

Defendants.

No.  2:21-cv-00738 DB P

ORDER

Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants violated his First and Eighth Amendment rights in connection with the cancelation of plaintiff's mental health treatment group and his subsequent appeal of that cancellation.  Presently before the court is plaintiff's First Amended Complaint ("FAC") for screening.  (ECF No. 12.)

For the reasons set forth below, plaintiff will be given opportunity to file an amended complaint.

**SCREENING**

I.      **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III.    Allegations in the Complaint

Plaintiff states that, at all relevant times, he was an inmate at California Medical Facility ("CMF"). (ECF No. 12 at 5.)  Plaintiff identifies as defendants CMF Chief Executive Officer Lori

3

1    W. Austin, Registered Nurse G. Tan, and Correctional Officer Pham.  (Id. at 3-4.)  Plaintiff also

2    names the unidentified Registered Nurse J. Doe as a defendant.  (Id. at 4.)

3        The FAC contains the following allegations: On June 24, 2020, defendant Pham canceled

4    a "structured therapeutic" mental health group.  (Id. at 7.)  This group consisted of plaintiff and

5    five other Enhanced Outpatient Program ("EOP") inmates and was conducted by recreational

6    therapists Martin and Prado.  (Id.)  Prior to canceling the group, plaintiff witnessed Correctional

7    Officer Dizon inform defendant Pham that the mental health group had been cleared at a staff

8    meeting.  (Id.)  Defendant Pham also "observed mental health recreation therapist Ms. Marin and

9    Ms. Prado…setting up for group."  (Id. at 6-7.)  On that same date, plaintiff filed a "Health Care

10   Services Request Form CDCR 7362…regarding the canceling of plaintiff's [mental health

11   group]."  (Id. at 9.)

12       On June 25, 2020, defendant J. Doe provided plaintiff's Health Care Services Request

13   Form ("HCSR Form") to Correctional Officer Bowles.  (Id. at 9.)  This action "denied plaintiff

14   access to alert [his] licsened [sic] clinical social worker of [his] well documented serious mental

15   health need."  (Id.)

16       Also on June 25, 2020, plaintiff submitted a grievance regarding the cancellation of his

17   group.  (Id. at 9-10.)  Defendant G. Tan investigated plaintiff's grievance.  (Id. at 10.)  In doing

18   so, defendant Tan denied plaintiff's requests to document testimony from therapists Prado and

19   Martin and for a polygraph examination.  (Id. at 10, 14.)  Since filing this grievance, defendant

20   Pham has failed to unlock the "O-Wing door when plaintiff arrives for scheduled structured

21   therapeutic activities."  (Id. at 8.)  Plaintiff instead has to wait until other CMF employees arrive.

22   (Id.)

23       Defendant Lori W. Austin denied plaintiff's healthcare grievance on September 1, 2020.

24   (Id. at 14.)  In denying the grievance, plaintiff claims that defendant Austin "weaponized

25   plaintiff's facts against the plaintiff…."  (Id. at 15.)  Defendant Austin's denial stated that "it was

26   appropriate for the CO to know about the issue and discuss cancelation with you" and, in regard

27   to plaintiff's requested polygraph, informed plaintiff that "it is not in the purview of grievants

28   [sic] to dictate administrative actions."  (Id.)

4

Plaintiff alleges that defendants violated his retaliated against him in violation of his First Amendment rights.  (Id. at 15.)  Plaintiff also claims defendants were deliberately indifferent to his serious medical needs.  (Id. at 10.)  Plaintiff seeks declaratory, injunctive, and monetary relief. (Id. at 16.)

**IV.     Does Plaintiff State a Claim under § 1983?**

    **A. Eighth Amendment**

        **1.  Legal Standards for Medical Needs Claims**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, including mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

1    If a prisoner establishes the existence of a serious medical need, he must show that prison

2    officials responded to the serious medical need with deliberate indifference.  See Id. at 834.  In

3    general, deliberate indifference may be shown when prison officials deny, delay, or intentionally

4    interfere with medical treatment, or may be shown by the way in which prison officials provide

5    medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

6    Before it can be said that a prisoner's civil rights have been abridged with regard to

7    medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

8    'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

9    Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

10   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

11   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

12   Amendment rights.");  McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

13   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

14   the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

15   Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

16   at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

17   plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

18   Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

19   Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

20   200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

21   1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

22   provide additional support for the inmate's claim that the defendant was deliberately indifferent to

23   his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

24   Finally, mere differences of opinion between a prisoner and prison medical staff or

25   between medical professionals as to the proper course of treatment for a medical condition do not

26   give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

27   332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

28   F.2d 1337, 1344 (9th Cir. 1981).

1            **2.  Analysis of Medical Needs Claim**

2                 **i.   Defendants Austin and Tan**

3            Plaintiff's deliberate indifference claim against defendants Austin and Tan stems from

4    their involvement in denying plaintiff's healthcare grievance.  In making this claim, plaintiff has

5    not established the existence of a serious medical need or that defendants were deliberately

6    indifferent to that need.  Plaintiff specifically takes issue with defendant Tan's alleged failure to

7    document the testimony of certain witnesses, defendant Austin and Tan's denial of plaintiff's

8    request for a polygraph, and defendant Austin's denial of plaintiff's healthcare grievance.  (ECF

9    No. 12 at 10, 14.)  Under the facts alleged, none of these actions appear to deny, delay, or

10   interfere with the treatment of a serious medical need.  See Hutchinson, 838 F.2d at 393-94.

11   Additionally, plaintiff only alleges that a group therapy session was canceled and that he is an

12   EOP inmate.  These facts alone are not sufficient to establish that plaintiff had a serious medical

13   need.

14           Given the above, plaintiff has not alleged sufficient facts to state a cognizable Eighth

15   Amendment claim as to defendants Austin and Tan.

16                **ii.  Defendant J. Doe**

17           Plaintiff claims that defendant Doe was deliberately indifferent in providing plaintiff's

18   HCSR form to Correctional Officer Bowles.  (ECF No. 12 at 9.)  In support, plaintiff states that

19   this act "denied plaintiff access to alert my licsened [sic] clinician social worker of my well

20   documented serious mental health need."  (Id.)  Plaintiff does not allege facts that explain how

21   defendant Doe denied plaintiff access to his "clinician social worker" by providing the request to

22   Correctional Officer Bowles.  See Hutchinson, 838 F.2d at 393-94.

23           Further, plaintiff does not establish the existence of a serious medical need.  Plaintiff

24   broadly claims that he has a serious medical need in receiving mental health assistance.  (Id. at 9.)

25   This allegation is not sufficient to establish a serious medical need as it does not show that

26   "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary

27   and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104);

28   see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

1    Accordingly, plaintiff fails to allege sufficient facts to state a cognizable Eighth

2  Amendment claim against J. Doe.

3              **iii. Defendant Pham**

4    Defendant Pham was deliberately indifferent in canceling plaintiff's mental health

5  treatment group.  As with plaintiff's claims above, plaintiff has not alleged sufficient facts to

6  show the existence of a serious medical need.  Deliberate indifference to inmate mental health can

7  state a cause of action under § 1983.  <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1253 (9th Cir. 1982).

8  However, plaintiff is still required to show plaintiff had a serious medical need.  In the absence of

9  additional facts, a single meeting of plaintiff's mental health group is not on its own sufficient to

10  establish a serious medical need.  Plaintiff must allege facts that show a risk of significant injury

11  or infliction of unnecessary and wanton pain to show the existence of a serious medical need.

12  <u>McGuckin</u>, 974 F.2d at 1059.

13    Accordingly, the FAC does not contain sufficient facts to state an Eighth Amendment

14  deliberate indifference claim against defendant Pham.

15          **A. First Amendment**

16            **1. Legal Standards for Retaliation Claims**

17    "Of fundamental import to prisoners are their First Amendment rights to file prison

18  grievances, and to pursue civil rights litigation in the courts.  Without those bedrock

19  constitutional guarantees, inmates would be left with no viable mechanism to remedy prison

20  injustices.  And because purely retaliatory actions taken against a prisoner for having exercised

21  those rights necessarily undermine those protections, such actions violate the Constitution quite

22  apart from any underlying misconduct they are designed to shield."  <u>Rhodes v. Robinson</u>, 408

23  F.3d 559, 567 (citations, internal quotations, and footnote omitted) (9th Cir. 2005).

24    "Within the prison context, a viable claim of First Amendment retaliation entails five

25  basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

26  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

27  exercise of his first amendment rights, and (5) the action did not reasonably advance a legitimate

28  correctional goal."  <u>Id.</u> at 567-68. A plaintiff who fails to allege a chilling effect may still state a

claim if he alleges that he suffered some other harm. Id. at 568, n.11; see also Brodheim v. Cry, 584 F.3d 1262, 1269-71 (9th Cir. 2009).  The plaintiff must also plead facts that suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

### 2.  Analysis of Retaliation Claims

#### i.  Defendants Austin and Tan

Plaintiff claims that defendants Austin and Tan retaliated against plaintiff for filing a healthcare grievance.  Plaintiff asserts that defendant Tan took adverse action against him by denying plaintiff's requests for a polygraph examination and to document the testimony of some witnesses.  (ECF No. 12 at 13-14.)  Plaintiff alleges defendant Austin took adverse action by denying plaintiff a polygraph examination.  (Id. 15.)  Plaintiff also claims that both defendants took adverse action by not "referring plaintiff's healthcare grievance to the hiring authority or internal affairs for a [sic] investigation."  (Id. at 14, 15.)

The above allegations are not sufficient to state a retaliation claim against defendants Austin and Tan.  Without additional factual allegations, the denial of an inmate grievance cannot support a claim of retaliation.  Jordan v. Asuncion, CV 17–1283 PSG (SS), 2018 WL 2106464, at *4 (C.D. Cal. May 7, 2018); Branch v. Grannis, 1:08–cv–01655–SMS PC, 2011 WL 1806522, at *4 (E.D. Cal. May 11, 2011) overruled on other grounds by Branch v. Umpehnour, 936 F.3d 994 (9th Cir. 2019).  Further, in stating a retaliation claim, the plaintiff must "put forth evidence of a retaliatory motive" in the defendant's adverse action in order to state a First Amendment claim. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  Nothing in the FAC seems to establish that the actions of Austin and Tan were in retaliation for plaintiff filing his grievance.  The facts as alleged only show that defendants Austin and Tan denied certain requests made by plaintiff in connection with his grievance.  Plaintiff must also provide allegations supporting that defendants denied these requests with any retaliatory motive.

Given the above, plaintiff fails to state a cognizable claim for retaliation by defendants Austin and Tan under the alleged facts.

////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### ii. Defendant J. Doe

Plaintiff claims J. Doe retaliated against plaintiff for filing an HCSR Form.  Plaintiff has not established that he was engaged in a protected activity when filing an HCSR Form.  The filing of grievances is protected conduct for purposes of the First Amendment.  Rhodes, 408 F.3d at 569.  However, plaintiff's claim against J. Doe does not relate to the later grievance, but to his HCSR form.  (See ECF No. 12 at 12.)  Plaintiff has not presented any facts establishing the filing of the HCSR form as protected conduct.  As such, the FAC fails to establish this important element of a retaliation claim.  Rhodes, 408 F.3d at 567-68.

Additionally, the facts in the FAC do not show that defendant J. Doe took adverse action against the plaintiff.  Plaintiff broadly claims that defendant took adverse action by sharing the HCSR form.  (See Id.)  Plaintiff fails to include factual support showing that this was an adverse action that harmed the plaintiff.  Plaintiff's statement that this act by J. Doe denied him access to his clinical social is unexplained and unsupported.

In light of the above, plaintiff has not to allege sufficient facts to state a retaliation claim against defendant J. Doe.

### iii. Defendant Pham

Plaintiff's final claim is that defendant Pham retaliated against him for filing a grievance by not unlocking the door to "O-wing" for plaintiff.  The facts contained in the FAC support a claim that defendant Pham took adverse action in response to plaintiff in response to plaintiff participating in protected conduct.[1]  These claims meet the first three requirements to state a retaliation claim.  Rhodes, 408 F.3d at 567-68.  However, plaintiff has not alleged facts that show he suffered more than a "marginal chilling of his rights."  Id. at 570.  Under the facts in the FAC, defendant Pham would not unlock the door for plaintiff but other staff would.  (ECF No. 12 at 8.)  Plaintiff has not included any factual allegations supporting that the delay in unlocking the door

---

[1] The FAC may suggest that this action by defendant Pham is not related to plaintiff's filing of a grievance.  Plaintiff notes that "other inmate-patients have filed grievances against Pham" for not unlocking the door, suggesting that this behavior might not be retaliation for plaintiff's grievance.  (ECF No. 12 at 8.)  However, construed in the light most favorable to the plaintiff, the allegations in the FAC are sufficient to establish a retaliatory motive on screening.

10

1  had a meaningful chilling effect on the plaintiff's rights.  See Rhodes, 408 F.3d at 570.

2  Accordingly, plaintiff has failed to allege sufficient facts to state a First Amendment retaliation

3  claim against defendant Pham as plaintiff has not established that the adverse acts of defendant

4  Pham chilled the exercise of plaintiff's First Amendment rights.

5  **AMENDING THE COMPLAINT**

6    This court finds above that plaintiff has failed to allege sufficient facts to state a claim.  As

7  plaintiff may be able to state a claim, plaintiff will be given leave to file an amended complaint.

8  If plaintiff chooses to file an amended complaint, he must address the problems with his

9  complaint that are explained above.  Any amended complaint must be complete in itself.  The

10  court cannot refer to a prior complaint to understand the plaintiff's claims.

11    In an amended complaint, plaintiff must clearly identify each defendant and the action that

12  defendant took that violated plaintiff's constitutional rights.  The court is not required to review

13  exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If

14  plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

15  allegations must be set forth in the amended complaint, so defendants have fair notice of the

16  claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

17  of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

18  Civ. P. 8(a).

19    Any amended complaint must show the federal court has jurisdiction, the action is brought

20  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

21  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

22  personally participated in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy,

23  588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a

24  constitutional right if he does an act, participates in another's act, or omits to perform an act he is

25  legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of

26  official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d

27  266, 268 (9th Cir. 1982) (citations omitted).

28  ////

11

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**USAGE OF "DOE" DEFENDANTS**

The use of John/Jane Does in pleading practice is generally disfavored – but it is not prohibited.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).  Eventually, plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the Doe defendants "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names.  Since by this order plaintiff will be granted leave to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of the Doe defendant without further assistance from the court.  He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

////

Further, "John Doe" defendant liability must also be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered Doe defendant refers to a specific person.  If plaintiff chooses to file an amended complaint, he shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights.  If plaintiff can only list these defendants as John/Jane Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and John Doe 2 did Y." Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The First Amended Complaint (ECF No. 12) is dismissed with leave to amend as it fails to state a cognizable claim.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

3. Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 12, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/adki0738.scrn_lta(2)