UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUPREE LAMONT ADKINS,<br><br>  Plaintiff,<br><br>  v.<br><br>LORI W. AUSTIN, et al.,<br><br>  Defendants. | No. 2:21-cv-00738 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his First and Fourteenth Amendment rights in connection with the cancellation of plaintiff's mental health treatment group and his subsequent appeal of that cancellation. Before the court is plaintiff's second amended complaint ("SAC") for screening. For the reasons set forth below, this court finds plaintiff states one claim for relief against defendant Pham and recommends the remaining claims and defendants be dismissed from this action.[1]

////

////

////

---

[1] In a separate order, this court orders service of the second amended complaint on defendant Pham.

# SCREENING

## I. Legal Standards

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II. Allegations in the SAC

Plaintiff is an inmate at the California Medical Facility ("CMF").  He complains of conduct that occurred there in 2020.  Plaintiff identifies as defendants CMF Chief Executive Officer Lori W. Austin, Registered Nurse G. Tan, Correctional Officer Pham, and an unnamed registered nurse, referred to as Jane Doe.[2]

Plaintiff makes the following allegations.  Plaintiff suffers from several mental illnesses, including schizoaffective disorder and psychoses.  He is a participant in the prison's Enhanced Outpatient Program ("EOP") for mental health care.

In 2020, a doctor had prescribed for plaintiff participation in "structured therapeutic activities."  In June 2020, defendant Pham irrationally and arbitrarily cancelled plaintiff's mental health group.  Pham cancelled the group because of plaintiff's disability.  Pham also refused to allow plaintiff to enter O-wing causing a delay in plaintiff's treatment.

////

---

[2] Plaintiff recently filed documents regarding his attempts to identify Jane Doe.  Because this court finds below that plaintiff has failed to, and cannot, state claims against defendant Doe, his attempts to identify her are no longer relevant to this action.

On June 24, 2020, plaintiff submitted a health care services request form regarding the cancellation of his group. In violation of prison policy, defendant Doe gave the form to Officer Bowles rather than having plaintiff's request triaged by a nurse. Similarly situated prisoners did not have their requests given to Officer Bowles.

On June 25, plaintiff submitted a grievance regarding the conduct of Pham and Doe. Defendant Tan reviewed the grievance but took no corrective action. Plaintiff also appears to allege defendant Austin reviewed his grievance. She too took no action to address the conduct of Pham, Doe, and Tan.

**II.  Does Plaintiff State a Claim under § 1983?**

    **A.  Equal Protection**

Plaintiff first alleges that all defendants' actions violated his rights to equal protection of the laws under the Fourteenth Amendment. Plaintiff argues both that he is a "class of one" and that defendants discriminated against all Coleman[3] class members.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013). State prison inmates retain a right to equal protection of the laws guaranteed by the Fourteenth Amendment. Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Lee v. Washington, 390 U.S. 333, 334 (1968)). An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008). Neither mental illness nor incarceration are suspect classes for Equal

---

[3] Coleman v. Newsom is a long-standing class action involving California's provision of health care to seriously mentally ill prison inmates. No. 2:90-cv-0520 KJM DB P (E.D. Cal.). In 1995, the court found defendants in that case violated their Eighth Amendment duty to provide these inmates with access to adequate mental health care. Coleman, 912 F. Supp. 1282 (E.D. Cal.). Over more than two decades, the court has been overseeing defendants' development and implementation of remedies for these Eighth Amendment violations with the assistance of a Special Master.

1  Protection purposes.  Heller v. Doe by Doe, 509 U.S. 312, 321 (1993); Glauner v. Miller, 184
2  F.3d 1053, 1054 (9th Cir. 1999).

3  "Intentional discrimination means that a defendant acted at least in part because of a
4  plaintiff's protected status."  Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)
5  (citing Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256, 279 (1979)).  Plaintiff
6  alleges defendants discriminated against him because he is mentally ill.  Plaintiff repeatedly states
7  that each defendant had "animus" against him.  However, the complaint does not contain any
8  facts from which the court could infer defendants acted with discriminatory intent.  Simply
9  making a conclusory statement that a defendant had "animus" or ill will toward plaintiff is
10 insufficient.  Further, plaintiff fails to allege facts showing that he was singled out for poor
11 treatment.  Plaintiff alleges Pham canceled the mental health group, not that Pham refused to
12 permit plaintiff to attend.  Plaintiff's allegations that defendant Doe failed to appropriately
13 process his health services request does not show she purposely singled him out for disparate
14 treatment.  Moreover, a violation of prison policy without more does not rise to the level of a
15 constitutional claim.  See Davis v. Scherer, 468 U.S. 183, 192 (1984).  The complaint fails to
16 allege sufficient facts to state a cognizable equal protection claim.

17 To the extent plaintiff alleges he is not being provided with mental health treatment in
18 accordance with the dictates of Coleman, the proper remedy is in the Coleman class action, not in
19 this case.

20 **B.  Retaliation**

21 "Within the prison context, a viable claim of First Amendment retaliation entails five
22 basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)
23 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
24 exercise of his first amendment rights, and (5) the action did not reasonably advance a legitimate
25 correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  A plaintiff who
26 fails to allege a chilling effect may still state a claim if he alleges that he suffered some other
27 harm.  Id. at 568, n.11; see also Brodheim v. Cry, 584 F.3d 1262, 1269-71 (9th Cir. 2009).
28 ////

Plaintiff appears to allege the following actions were motivated by retaliation for his grievance against Pham and Doe: (1) Pham refused to allow plaintiff to enter the O-wing on his own, which caused delays in plaintiff's ability to access mental health services; and (2) Doe gave plaintiff's health care request to an officer rather than to the triage nurse. With respect to defendant Doe, none of the facts plaintiff alleges show any retaliatory intent, or support an inference of retaliatory intent, on the part of defendant Doe.

With respect to defendant Pham, the facts contained in the SAC arguably support an inference that Pham took this adverse action in response to plaintiff's grievance. Plaintiff further alleges that based on Pham's conduct, he feared an escalation of Pham's "illegal actions" and therefore did not file a grievance against Pham, apparently for the retaliatory conduct. These allegations are minimally sufficient to meet the Rhodes factors. Plaintiff has adequately alleged a claim for retaliation against defendant Pham.

To the extent plaintiff is attempting to assert retaliation claims against defendants Austin and Tan, as plaintiff was advised previously, the simple denial of an inmate grievance cannot support a claim of retaliation. Jordan v. Asuncion, CV 17–1283 PSG (SS), 2018 WL 2106464, at *4 (C.D. Cal. May 7, 2018). Plaintiff makes no allegations to support an inference that Austin or Tan acted with any sort of retaliatory or otherwise improper intent.

**C. Eighth Amendment Medical Claim**

While plaintiff does not specifically identify his claims as arising under the Eighth Amendment, they could be construed as an attempt to do so. Plaintiff states that he has serious medical conditions. However, plaintiff fails to allege any facts showing defendants acted with deliberate indifference to those medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976) (for an Eighth Amendment medical claims, prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). Nor does plaintiff show that defendants' conduct "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104). Therefore, plaintiff does not allege facts showing a violation of his Eighth Amendment rights.

**CONCLUSION**

Above, this court finds plaintiff has stated a potentially cognizable claim that defendant Pham's refusal to permit him to enter the O-wing was retaliatory in violation of the First Amendment. Plaintiff states no other claims. Based on the conduct identified, this court finds plaintiff cannot state a claim based on the cancellation of a group mental health session, the failure to follow prison procedures in submitting a health care request, or in the review of plaintiff's appeals. Plaintiff has had three opportunities to attempt to state claims based on this conduct and has not done so. This court feels it would be futile to provide plaintiff another opportunity. Below, this court recommends dismissal of all claims except plaintiff's First Amendment claim against defendant Pham. By separate order, this court will order service of the second amended complaint on defendant Pham.

For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Plaintiff's claims against defendants Doe, Tan, and Austin be dismissed;

2. The Clerk of the Court be instructed to indicate the dismissal of defendants Doe, Tan, and Austin on the docket; and

3. That plaintiff's Fourteenth Amendment claim against defendant Pham be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

////
////
////
////
////

6

1 | may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d
2 | 1153 (9th Cir. 1991).
3 | Dated: June 5, 2023

/s/ signature
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB Prisoner Inbox/Civil Rights/S/adki0738.SAC scrn fr